## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Hans Scheing & Tina Webb–Scheing, Individually & as H/W 37 Browning Circle Middletown, DE 19709 | : : : : : | CIVIL ACTION NO.: |
| Plaintiffs, | : : : | |
| v. | : : | |
| Department of Natural Resources and Environmental Control 89 Kings Highway Dover, DE 19901 | : : : : : | |
| And | : : | |
| Officer Casey Fountain, Individually & in his Official Capacity as Police Officer in the Department of Natural Resources and Environmental Control 89 Kings Highway Dover, DE 19901 | : : : : : : : | **JURY TRIAL DEMANDED** |
| And | : : | |
| Daniel Albanese 664 Churchmans Rd. Newark, DE 19702 | : : : : | |
| And | : : | |
| Dave Schepens Individually & in his Official Capacity as Section Manager for the Department of Natural Resources and Environmental Control 89 Kings Highway Dover, DE 19901 | : : : : : : : : | |
| And | : : | |
| Frank Vadala & Winifred Vadala Individually & as H/W | : : | |

1

| | |
|---|---|
| 141 Pine Valley Dr.<br>Middletown, DE 19709 | :<br>:<br>: |
| And | :<br>: |
| Frances Resto<br>141 Pine Valley Dr.<br>Middletown, DE 19709 | :<br>:<br>:<br>: |
| And | :<br>: |
| Andrew Whitman<br>Individually & in his Official Capacity as<br>Environmental Program Manager for the<br>Department of Natural Resources and<br>Environmental Control<br>89 Kings Highway<br>Dover, DE 19901 | :<br>:<br>:<br>:<br>:<br>:<br>: |
| Defendants. | :<br>: |

## CIVIL ACTION COMPLAINT

### I. Jurisdiction and Venue

1. Jurisdiction in this Honorable Court is based on federal question 28 U.S.C. §1331; supplemental jurisdiction over state law claims is granted by 28 U.S.C. §1367.

2. Venue lies in this district in that the events giving rise to this claim occurred here, at least one (1) Defendant resides, maintains a principal place of business, and/or does business here, and/or the property which is the subject of this action is situated within this district.

### II. Parties

3. Plaintiffs, Hans Scheing and Tina Webb–Scheing, are married and adult individuals residing at the above-captioned address.

4. Defendant, Department of Natural Resources and Environmental Control, is a municipal agency located at the above-captioned address.

2

5. Defendant, Daniel Albanese, is an adult individual who at all times material herein, formerly acted individually, and/or as an agent, servant, workman, and/or employee of Department of Natural Resources and Environmental Control, acting under the color of state law.

6. Defendant Officer, Casey Fountain, is an adult individual who at all times material herein, acted individually, and/or as an agent, servant, workman, and/or employee of Department of Natural Resources and Environmental Control, as well as in his official capacity as Police Officer, acting under the color of state law.

7. Defendant, Dave Schepens, is an adult individual who at all times material herein, acted individually, and/or as an agent, servant, workman, and/or employee of Department of Natural Resources and Environmental Control, acting under the color of state law.

8. Defendants, Frank Vadala and Winifred Vadala, individually and as husband and wife reside at the above-captioned address.

9. Defendant, Frances Resto, is an adult individual and owner of the above-captioned address.

10. Defendant, Andrew Whitman, is an adult individual who at all times material herein, acted individually, and/or as an agent, servant, workman, and/or employee of Department of Natural Resources and Environmental Control, acting under the color of state law.

11. Defendants, John Does 1-10, is a moniker/fictitious name for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable hereunder for the reasons set forth below or inferred therefrom. Each of these parties are incorporated as Defendants in each and every count and averment listed above and

below. Upon information and belief, Defendants, John Does, were agents, servants, workmen, or employees of Co-Defendants, liable to Plaintiffs hereunder.

### III. Operative Facts

12. At all times material, Plaintiff, Hans Scheing was employed by Delaware Septic Service, LLC. Plaintiff, Tina Scheing is the owner of Delaware Septic Service, LLC.

13. On or about July 22, 2013, Plaintiff, Hans Scheing on behalf of Delaware Septic Service, LLC, entered into a contract with Defendants, Frank and Winifred Vadala (hereinafter "Vadala") to provide septic services and repairs to their home.

14. On the same day, Hans Scheing performed soil testing on the Vadala's property to determine the type of septic system required.

15. Hans Scheing provided updates to the Vadala's on numerous occasions regarding the ongoing services and repairs to their property.

16. On or about September 10, 2013, Winifred Vadala filed a complaint with Defendant, Department of Natural Resources and Environmental Control ("DNREC") falsely alleging Plaintiffs did not perform any work on their property. In fact, Hans Scheing did perform a soil test with a backhoe and a soil scientist at the property.

17. Upon information and belief, Winifred Vadala contacted Defendant, Dan Albanese, prior to filing a complaint falsely claiming that nothing had been done to their house pursuant to the contract with Plaintiffs.

18. In or around September 2013, Winifred Vadala met with Defendant Officer, Casey Fountain on more than one occasion to discuss the complaint.

19. On or about October 11, 2013, Plaintiffs received the soil report from their expert.

20. On or about October 12, 2013, Plaintiff, Hans Scheing left a message on the answering machine for the Vadala's to sign the permit application to be turned in with the soil report to DNREC.  Plaintiffs did not receive a return call from the Vadala's.

21. Without verifying whether Winifred Vadala's complaint was accurate, Officer Fountain filed a warrant for Plaintiff, Hans Scheing on or about October 14, 2013.  Upon information and belief, prior to filing a warrant, Fountain conducted no investigation whatsoever.

22. On or about October 16, 2013, the soil report was turned over to the DNREC for approval.

23. On or about October 17, 2013, upon information and belief, the soil report was time-stamped and/or received by DNREC.

24. On or about October 21, 2013, Officer Fountain contacted Hans Scheing telling Plaintiff that he wanted to "talk about some contracts."  At no time did Fountain inform Hans Scheing that he was being charged with theft and home improvement fraud prior to his arrest.  Fountain told Plaintiff he did not need a lawyer.

25. Later, at the police station Fountain told Plaintiff "there is nothing you can do or say that is going to stop me from arresting you," – despite Plaintiff explaining to Fountain that he had performed the soil test in question and that it was easily provable.  Thereafter, Fountain arrested Hans Scheing.

26. On or about October 22, 2013, DNREC released a press release stating Plaintiff was charged with theft and home improvement fraud.  The press release also falsely misrepresented that Hans Scheing was the owner of Delaware Septic Service, LLC (Tina

Scheing was the owner). The press release also falsely stated that Hans Scheing performed no work at the property when he had, in fact, conducted a soil test.

27. On or about October 22, 2013, the time-stamped soil report approved by the DNREC was received by Plaintiffs.

28. On or about October 22, 2013, the Better Business Bureau ("BBB") of Delaware removed Plaintiffs' business's high rating after being notified by an anonymous individual.

29. On or about November 6, 2013, Hans Scheing's criminal charges were dismissed by the Honorable Alex J. Smalls in the Court of Common Pleas for New Castle County.

30. Around January 2014, Plaintiff, Hans Scheing was indicted by a grand jury in the State of Delaware.

31. This indictment alleged two (2) additional felony charges perpetrated by Hans Scheing against Defendant, Frances Resto – the adult daughter of Frank Vadala and Winifred Vadala. Upon information and belief, Resto owns the property where her parents reside. Upon information and belief, Resto knew Hans Scheing had conducted a soil sample at the property and that Hans had done nothing wrong. Resto lied and/or failed to divulge this known exculpatory evidence to the police.

32. Further, at all times material, upon information and belief, Defendants, Fountain, Albanese, Schepens, and Whitman all knew Hans Scheing had conducted a soil sample at the property and that Hans had done nothing wrong. These Defendants all knew Plaintiffs and the aforesaid soil expert for many years and had cell phone contact information for each. Strangely, none of these Defendants ever contacted Plaintiffs and the soil scientist towards a meaningful investigation. Upon information and belief, These

Defendants conspired against Plaintiffs towards benefiting Schepens' son's competing septic business in the same area.

33. On or about September 16, 2014, the Court of Common Pleas dismissed Hans Scheing's case.

34. Plaintiff, Hans Scheing was and is innocent.

35. The conduct of Defendants was part of a custom, policy and/or practice and these customs, policies or practices caused the violation of Plaintiff's rights. Specifically, Defendants arrest, imprison and prosecute citizens without probable nor any cause, and do so without review of exculpatory evidence.

36. As a direct and proximate result of Defendants' misconduct, Plaintiffs suffered significant financial loss and severe emotional distress.

## COUNT I
### Malicious Prosecution/False Arrest/False Imprisonment

37. Plaintiffs incorporate by reference all prior paragraphs as if fully set forth at length herein.

38. At the time of Defendants' investigation, arrest, charges, and imprisonment, Plaintiff Hans Scheing had not committed any infraction giving rise to the probable cause/reasonable suspicion and/or to legally justify the incarceration and charges.

39. Defendants' actions stated above, *inter alia*, were committed under the color of state law and were violations of Plaintiff's clearly established and well-settled Constitutional and other legal rights.

40. Defendants caused Plaintiff to suffer a malicious prosecution and/or false arrest by their wrongful conduct in subjecting Plaintiff to false criminal charges, all in violation of the Fourth and Fourteenth Amendments to the United States Constitution, and State law.

7

41. Defendants instituted criminal action against Plaintiff by way of failing to properly investigate the alleged obstructing administration of law/government function.

42. Plaintiff Hans Scheing was seized at the time he was arrested.

43. Defendants did not have probable cause nor any cause to arrest, charge, and/or accuse Plaintiff of the criminal acts.

44. The criminal action terminated in Plaintiff's favor.

45. Defendants were in violation of the Fourth and Fourteenth Amendments of the United States Constitution, actionable through 42 U.S.C. §1983, et seq., as well as common law.

## COUNT II
### *Monell*

46. Plaintiffs incorporate by reference all prior paragraphs as if fully set forth at length herein.

47. The violations of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution, Plaintiff's damages, and the conduct of the individual defendants were directly and proximately caused by the actions and/or inactions of defendant DNREC, which has encouraged, tolerated, ratified, and has been deliberately indifferent to the following policies, patterns, practices, and customs, and to the need for more or different training, supervision, investigation, or discipline in the areas of:

    A. Legal cause to detain, arrest and criminally charge a citizen;

    B. The proper exercise of police powers, including but not limited to the making of an arrest and the bringing of criminal charges;

    C. Police officers' use of their status as police officers to employ the use of force or to achieve ends not reasonably related to their police duties; and

D. The failure of police officers to follow established policies, procedures, directives, and instructions regarding arrests, and the institution of criminal charges under such circumstances as presented by this case.

48. Prior to the events described herein, Defendants developed and maintained policies, practices, procedures, and customs exhibiting deliberate indifference to the Constitutional rights of persons within the geographic and jurisdictional limits of the State of Delaware, which caused violations of Plaintiff's constitutional and other rights.

49. The above described acts or omissions by Defendants, demonstrated a deliberate indifference to the rights of the citizens, such as Plaintiff, and were the cause of the violations of Plaintiff's rights as set forth herein.

50. Plaintiff Hans Scheing suffered severe harm due to Defendants' conduct.

## COUNT III
### Violation of Due Process under the U.S. Constitution Amendments IV and XIV

51. Plaintiffs incorporate by reference all prior paragraphs as if fully set forth at length herein.

52. Defendants arrested and falsely imprisoned Plaintiff, Hans Scheing, without probable cause nor any cause denying him due process.

53. To perpetuate its misconduct, Defendants, clothed themselves with color of state authority through the use of the Department of Natural Resources and Environmental Control for the state of Delaware.

54. Defendants' willful, reckless and malicious actions were made in an effort to deprive Plaintiff, Hans Scheing, of his rights as set forth above and pursuant to the U.S. Const. Amends. IV and XIV.

## COUNT IV
## Loss of Consortium

55. Plaintiffs incorporate by reference all prior paragraphs as if fully set forth at length herein.

56. As a result of the wrongful acts of Defendants, Plaintiffs were caused to suffer, and will continue to suffer in the future, loss of consortium, loss of society, affection, assistance, and conjugal fellowship, all to the detriment of their marital relationship.

57. All of the aforesaid injuries and damages were caused solely and proximately by the Defendants.

**IV.    Prayer for Relief**

WHEREFORE, Plaintiffs respectfully request this Honorable Court enter judgment in their favor and against Defendants, individually, jointly and severally, in an amount in excess of seventy-five thousand dollars ($75,000.00), plus such other and further relief as this Honorable Court deems necessary and just, and to Order the following relief:

　a.　Statutory Damages;

　b.　Compensatory Damages, including:

　　　i.　Actual Damages for financial and physical injuries, including but not limited to wage loss and loss of earning capacity, and emotional distress;

　　　ii.　Attorneys' fees and expenses, and costs of suit.

　c.　Injunctive relief, including:

　　　i.　Monitoring and Training.

[*Signature Page Follows*]

Respectfully Submitted,

**Law Office of Albert M. Greto**

*/s/ R. Joseph Hrubiec*
R. Joseph Hrubiec, Esq. (DE # 5500)
Albert M. Greto, Esq. (DE # 3811)
715 N. Tatnall Street
Wilmington, DE 19801
302-761-9000
*Attorneys for Plaintiffs*