**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| Hans Scheing & Tina Webb–Scheing,<br>Individually & as H/W<br>37 Browning Circle<br>Middletown, DE 19709 | : <br> : <br> : <br> : <br> : | CIVIL ACTION NO.: 15-1028 |
|                   Plaintiffs, | : <br> : | |
| v. | : <br> : | |
| Casey Fountain, in his individual capacity<br>89 Kings Highway<br>Dover, DE 19901 | : <br> : <br> : <br> : | **JURY TRIAL DEMANDED** |
|    And | : <br> : | |
| Daniel Albanese, in his individual capacity<br>664 Churchmans Rd.<br>Newark, DE 19702 | : <br> : <br> : <br> : | |
|    And | : <br> : | |
| Dave Schepens<br>89 Kings Highway<br>Dover, DE 19901 | : <br> : <br> : <br> : | |
|    And | : <br> : | |
| Andrew Whitman, in his individual capacity<br>89 Kings Highway<br>Dover, DE 19901 | : <br> : <br> : <br> : | |
|    And | : <br> : | |
| John Does 1 – 10 | : <br> : | |
|                   Defendants. | : | |

**SECOND AMENDED CIVIL ACTION COMPLAINT**

    **I.**    **Jurisdiction and Venue**

1. Jurisdiction in this Honorable Court is based on federal question 28 U.S.C. §1331; supplemental jurisdiction over state law claims is granted by 28 U.S.C. §1367.

2. Venue lies in this district in that the events giving rise to this claim occurred here, at least one (1) Defendant resides, maintains a principal place of business, and/or does business here, and/or the property which is the subject of this action is situated within this district.

**II.    Parties**

3. Plaintiffs, Hans Scheing and Tina Webb–Scheing, are married and adult individuals residing at the above-captioned address.

4. Defendant, Casey Fountain, is an adult individual working at the above-captioned business address and at all times material herein acted individually under the color of state law at the Department of Natural Resources and Environmental Control.

5. Defendant, Daniel Albanese, is an adult individual working at the above-captioned business address and at all times material herein acted individually under the color of state law at the Department of Natural Resources and Environmental Control.

6. Defendant, Dave Schepens, is an adult individual working at the above-captioned business address and at all times material herein acted individually under the color of state law at the Department of Natural Resources and Environmental Control.

7. Defendant, Andrew Whitman, is an adult individual working at the above-captioned business address and at all times material herein acted individually under the color of state law at the Department of Natural Resources and Environmental Control.

8. Defendants, John Does 1-10, is a moniker/fictitious name for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable hereunder for the reasons set forth below or inferred therefrom. Each of these parties are

incorporated as Defendants in each and every count and averment listed above and below.

### III. Operative Facts

9. At all times material, Plaintiff, Hans Scheing, was employed by Delaware Septic Service, LLC.

10. At all times material, Plaintiff, Tina Webb–Scheing, is the owner of Delaware Septic Service, LLC.

11. At all times material, Defendants worked at the Department of Natural Resources and Environmental Control ("DNREC"). Defendant, Dave Schepens, supervises Defendant, Andrew Whitman, who supervises Defendant, Daniel Albanese.

12. At all times material, Schepens's son owned a septic service company that directly competed against Delaware Septic Service, LLC in the same area.

13. Schepens, Whitman, and Albanse acted together against Plaintiffs towards benefiting Schepens' son's competing septic service company. Schepens, Whitman, and Albanse harassed Plaintiff's business and Plaintiffs personally through their positions at DNREC. Whitman and Albanse acted together with Schepens to advance their careers.

14. Schepens, Whitman, and Albanese regularly defame Plaintiff's business and Plaintiffs personally including to Plaintiffs' customers.

15. On or about July 22, 2013, Plaintiff, Hans Scheing, on behalf of Delaware Septic Service, LLC, entered into a contract with Frank and Winifred Vadala (collectively, "Vadala") to provide septic services.

16. On the same day, Hans Scheing performed soil testing on Vadala's property to determine the type of septic system required. In fact, the soil test required the use of an industrial

backhoe and the support of a soil scientist at Vadala's property. At this time, Scheing informed Vadala that the septic system installation would not begin until the results of the soil test were received. Plaintiff emphasized that the results likely would not be received for several months.

17. Hans Scheing provided updates to the Vadala's on numerous occasions between July and September 2013.

18. On or about September 10, 2013, less than sixty (60) days after the initial soil testing, Vadala filed a complaint with DNREC falsely alleging Plaintiffs did not perform any work on their property. However, Plaintiff had in fact already begun work on their property; i.e., Plaintiff had performed the crucial soil testing.

19. When Schepens learned of Vadala's complaint, Schepens, Whitman, and Albanse brought criminal charges against Plaintiff, Hans Scheing, regardless of the (lack of) truth of the complaint, in order to benefit Schepens' son's competing septic business and to advance their careers. In doing so, Schepens, Whitman, and Albanse smeared the reputation of Plaintiff's business and Plaintiffs.

20. Schepens, Whitman, and Albanse, directed Defendant, Casey Fountain, to investigate the complaint made by Vadala despite their collective knowledge that a soil test had been performed and that the results of soil tests are typically not received for several months.

21. In or around September 2013, Fountain contacted Vadala to investigate the complaint.

22. Vadala informed Fountain that soil testing had been performed. In addition, the evidence of a back hoe on the property, as well as the soil test, was obvious, particularly to a person with experience and expertise in the industry; i.e., Fountain.

23. On or about October 11, 2013, Plaintiffs received the soil report from their expert.

24. On or about October 12, 2013, Plaintiff, Hans Scheing, left a message on the answering machine for Vadala to sign the permit application to be turned in with the soil report to DNREC. Plaintiffs did not receive a return call from Vadala.

25. On or about October 14, 2013, Officer Fountain filed an arrest warrant for Plaintiff, Hans Scheing. Prior to filing a warrant, Fountain conducted no substantive investigation. In doing so, Fountain recklessly disregarded the truth – propounding a false warrant.

26. Fountain had the opportunity to contact Hans Scheing and interview him prior to filing for a warrant. Instead, Fountain omitted critical and material facts from the warrant application that he would have gathered in a routine interview of the accused. Specifically, Fountain would have learned that Hans Scheing has already performed work on the Vadala's property and had not abandoned his contract with Vadala.

27. Further, Fountain knew or should have known of the soil testing. However, this critical and material fact was omitted from the application for the warrant.

28. In fact, in or around October 2013, Fountain contacted Albanese to determine whether a soil test result had been filed with DNREC. Fountain knew or should have known, based on his experience and expertise, that the results of soil tests are typically not received for several months.

29. Fountain, under the direction of Schepens, Whitman, and Albanse, knowingly and deliberately, and/or with a reckless disregard for the truth, omitted material facts from his application for an arrest warrant. Specifically, Defendants had in their possession the soil test results, which was exonerating and material evidence.

30. On or about October 16, 2013, the soil report was sent to the DNREC for approval.

31. On or about October 17, 2013, the soil report was time-stamped and/or received by DNREC.

32. On or about October 21, 2013, Fountain contacted Hans Scheing telling Plaintiff that he wanted to "talk about some contracts." At no time did Fountain inform Hans Scheing that he was being investigated for or charged with theft and home improvement fraud prior to his arrest. In fact, Fountain specifically told Plaintiff he did not need a lawyer.

33. Later, at the police station, Fountain told Plaintiff "there is nothing you can do or say that is going to stop me from arresting you" – even though Plaintiff explained to Fountain that he had performed the soil test in question and that it was easily provable. In fact, Plaintiff informed Fountain that DNREC already received the soil test results. Thereafter, Fountain arrested Hans Scheing. Fountain recklessly disregarded the truth when he decided not to call his own office to determine whether the soil test results had been received, and, instead, arrested Plaintiff.

34. DNREC is authorized to enforce any rule or regulation it has properly promulgated through civil and administrative penalties. *See* 7 *Del. C.*, Chapter 60, § 6005. In fact, DNREC must provide written notice to the responsible party and provide an opportunity for a hearing. *Id.*

35. DNREC is authorized to bring criminal charges or complaints only in specific circumstances. *See* 7 *Del. C.*, Chapter 60, § 6013. These circumstances did not apply.

36. Schepens, Whitman, and Albanse, directed Casey Fountain to have Hans Scheing arrested rather than providing due process through the civil and administrative remedies. Schepens, Whitman, and Albanse directed Fountain to do so in order to benefit Schepens' son's septic business.

37. Upon information and belief, DNREC has never brought similar criminal charges against anyone except Plaintiff; i.e., DNREC has never brought criminal charges for theft or home improvement fraud against anyone other than Plaintiff.

38. Defendants choose to inappropriately bring criminal charges against Hans Scheing even though he committed no infraction within the specific circumstances in which DNREC is authorized to bring criminal charges.

39. On or about October 22, 2013, Defendants released a false press release stating Plaintiff was appropriately charged with theft and home improvement fraud. The press release also falsely misrepresented that Hans Scheing was the owner of Delaware Septic Service, LLC; i.e., Tina Scheing was the owner. The press release also falsely stated that Hans Scheing performed no work at the property, even though DNREC possessed proof, i.e. the soil test results, that Hans Scheing had performed significant work at the property, which required the use of an industrial backhoe and the support of a soil scientist at the property.

40. On or about October 22, 2013, the same day as the false press release, the time-stamped soil report approved by the DNREC was received by Plaintiffs. Thus, when the Defendants made the false press release, DNREC possessed information showing that the press release was false.

41. On or about October 22, 2013, the Better Business Bureau ("BBB") of Delaware removed Plaintiffs' business's high rating as a result of the false press release.

42. Upon information and belief, Schepens, Whitman, and/or Albanse forwarded the false press release to the BBB of Delaware.

43. On or about November 6, 2013, Hans Scheing's criminal charges were dismissed by the Honorable Alex J. Smalls in the Court of Common Pleas for New Castle County.

44. Despite the criminal charges being dismissed against Hans Scheing, Defendants sought a grand jury indictment. Around January 2014, Plaintiff, Hans Scheing was indicted by a grand jury in the State of Delaware.

45. By January 2014, DNREC had possession of the soil test results for approximately three months. Upon information and belief, Defendants all knew Hans Scheing had conducted a soil sample at the property, and that Hans had done nothing wrong.

46. Upon information and belief, the indictment was procured by corrupt means. Material and exonerating information, possessed by Fountain (and Co-Defendants), the complaining officer, concerning the soil testing, the results of the soil testing, and that DNREC had received the results, was purposefully omitted from the grand jury.

47. On or about September 16, 2014, the Court of Common Pleas dismissed Hans Scheing's case, though the information is still on his criminal record.

48. Plaintiff, Hans Scheing, was and is innocent.

49. As a direct and proximate result of Defendants' misconduct, Plaintiffs suffered significant financial loss and severe emotional distress.

## COUNT I
### Malicious Prosecution/Violation of Due Process under the U.S. Constitution. Amendments IV and XIV

50. Plaintiffs incorporate by reference all prior paragraphs as if fully set forth at length herein.

51. Plaintiff had not committed any infraction giving rise to probable cause/reasonable suspicion and/or to legally justify the criminal charges, or even administrative or civil penalties.

52. Defendants caused Plaintiff, Hans Scheing, to be seized at the time he was arrested. Further, Defendants falsely imprisoned Plaintiff without probable cause, nor any cause, denying him due process.

53. Defendants initiated two criminal proceedings against Plaintiff and caused Plaintiff to suffer two malicious prosecutions by their wrongful conduct in subjecting Plaintiff to false criminal charges, all in violation of the Fourth and Fourteenth Amendments to the United States Constitution, and State law.

54. To perpetuate its misconduct, Defendants, clothed themselves with color of state authority through the use of the Department of Natural Resources and Environmental Control for the State of Delaware. Their actions were violations of Plaintiff's clearly established and well-settled Constitutional and other legal rights.

55. Both criminal actions terminated in Plaintiff's favor.

56. Defendants acted maliciously to benefit Defendant Schepen's son's competing septic business and to advance their careers; not in the interest of justice.

57. Defendants' willful, reckless and malicious actions were made in an effort to deprive Plaintiff, Hans Scheing, of his rights as set forth above and pursuant to the U.S. Const. Amends. IV and XIV, actionable through 42 U.S.C. §1983, et seq. and common law.

## COUNT II
### Loss of Consortium

58. Plaintiffs incorporate by reference all prior paragraphs as if fully set forth at length herein.

59. As a result of the wrongful acts of Defendants, Plaintiffs were caused to suffer, and will continue to suffer in the future, loss of consortium, loss of society, affection, assistance, and conjugal fellowship, all to the detriment of their marital relationship.

60. All of the aforesaid injuries and damages were caused solely and proximately by the Defendants.

### IV.   Prayer for Relief

WHEREFORE, Plaintiffs respectfully request this Honorable Court enter judgment in their favor and against Defendants, individually, jointly and severally, in an amount in excess of seventy-five thousand dollars ($75,000.00), plus such other and further relief as this Honorable Court deems necessary and just, and to Order the following relief:

a. Statutory Damages;
b. Compensatory Damages, including:
   i. Actual Damages for financial and physical injuries, including but not limited to wage loss and loss of earning capacity, and emotional distress; and
   ii. Attorneys' fees and expenses, and costs of suit.
c. Injunctive relief.

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esq.


/s/ Albert M. Greto, Esquire
Albert M. Greto, Esquire
Supreme Court ID No.: 3811
715 North Tatnall Street
P.O. Box 756
Wilmington, DE 19899-0756
Ph:  (302) 761-9000
Fax: (302) 761-9035